# Exhibit B

# Maryland Judiciary Case Search

### NOTICE: Available

## Case Detail

### Case Information

Court System: **Circuit Court For Montgomery County - Civil**
Location:           **Montgomery Circuit Court**
Case Number: **C-15-CV-25-000986**
Title:                 **Ellen Ryan vs. Capital Asset Management Group, Inc.**
Case Type:        **Tort - Negligence**
Filing Date:       **03/03/2025**
Case Status:     **Open**

### Involved Parties Information

#### Plaintiff

Name: **Ryan, Ellen**

Address: **c/o Arnold Abraham, Esq.**
                 **220 N. Liberty Street**
City:        **Baltimore**   State:  **MD**   Zip Code:  **21201**

#### Aliases

Business : **herself all others similarly situated**

#### Attorney(s) for the Plaintiff

Name:                    **MENHART, ERIC JAMES**
Appearance Date: **03/03/2025**
Address Line 1:    **Lexero LLC**
Address Line 2:    **80 M St SE Suite 100**
City:                      **WASHINGTON**   State:  **DC**   Zip Code:  **20003**

Name:                    **Abraham, Arnold**
Appearance Date: **03/04/2025**
Address Line 1:    **The CyberLaw Group**
Address Line 2:    **220 North Liberty Street**
City:                      **BALTIMORE**   State:  **MD**   Zip Code:  **21201**

#### Defendant

Name: **Capital Asset Management Group, Inc.**

Address: **1000 Potomac Street NW**

City:      **Washington**   State: **DC**   Zip Code:  **20007**

## Attorney(s) for the Defendant

Name:                 **SCULLY, ELIZABETH ANNE**
Appearance Date: **04/15/2025**
Address Line 1:   **Baker Hostetler**
Address Line 2:   **1050 Connecticut Ave, NW**
Address Line 3:   **Suite 1100**
City:                   **WASHINGTON**   State: **DC**   Zip Code:  **20036**

## Court Scheduling Information

| Event Type | Event Date | Event Time | Judge | Court Location | Court Room | Result |
|---|---|---|---|---|---|---|
| **Conference - Pre-Trial** | **01/08/2026** | **13:30:00** | **Bonifant, James A** | **Civil** | **Courtroom 3E - North Tower** | |

## Document Information

File Date:         **03/03/2025**
Document Name: **Deficient Filing**
Comment:          **Envelope #20202723 Class Action Complaint**

---

File Date:         **03/03/2025**
Document Name: **Complaint / Petition**
Comment:          **and Demand for Jury Trial**

---

File Date:         **03/03/2025**
Document Name: **Request to Issue**
Comment:          **summons**

---

File Date:         **03/03/2025**
Document Name: **Case Information Report Filed**
Comment:

---

File Date:         **03/04/2025**
Document Name: **Notice of Deficiency - Rule 20-203(d)**
Comment:

---

File Date:         **03/04/2025**
Document Name: **Writ /Summons/Pleading - Electronic Service**

Comment:          **Notice of Deficiency**

---

File Date:        **03/10/2025**
Document Name: **Notice of New Case Number Assigned in Circuit Court**
Comment:

---

File Date:        **03/10/2025**
Document Name: **Summons Issued (Service Event) - New Case**
Comment:

---

File Date:        **03/10/2025**
Document Name: **Scheduling Order**
Comment:          **Track 3**

---

File Date:        **03/10/2025**
Document Name: **Order - Mandatory Settlement Conference/Pretrial Hearing**
Comment:          **Track 3**

---

File Date:        **03/10/2025**
Document Name: **Notice of Scheduling Hearing and Order of Court**
Comment:          **Track 3**

---

File Date:        **03/19/2025**
Document Name: **Return of Service - 60 Day Summons Served**
Comment:

---

File Date:        **03/19/2025**
Document Name: **Supporting Exhibit**
Comment:          **A Return of Service - 60 Day Summons Served**

---

File Date:        **03/19/2025**
Document Name: **Supporting Exhibit**
Comment:          **B - UPS - Confirmation of Service Return of Service - 60 Day Summons Served**

---

File Date:        **03/20/2025**
Document
Name:             **Notice of Service**
Comment:          **of Discovery as to Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents**

---

File Date:        **04/15/2025**
Document Name: **Attorney Appearance - No Fee**

Comment:

## Service Information

| Service Type | Issued Date |
|---|---|
| **Summons Issued** | **03/10/2025** |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

Copyright © 2025. Maryland Judiciary. All rights reserved.

Service Desk: (410) 260-1114



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

Main: 240-777-9400

50 Maryland Avenue
Rockville, Maryland 20850

**To:** CAPITAL ASSET MANAGEMENT GROUP, INC.
1000 POTOMAC STREET NW
WASHINGTON, DC 20007

|  |  |
|---|---|
| **Case Number:** | **C-15-CV-25-000986** |
| **Other Reference Number(s):** | |

**ELLEN RYAN VS. CAPITAL ASSET MANAGEMENT GROUP, INC.**

Issue Date: 3/10/2025

# WRIT OF SUMMONS (NEW CASE)

You are hereby summoned to file a <u>written</u> response by pleading or motion, within 60 days after service of this summons upon you, in this Court, to the attached complaint filed by:

Ryan, Ellen
c/o Arnold Abraham, Esq
220 N Liberty Street
Baltimore, MD 21201

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

*Karen A. Bushell*

Karen A. Bushell
Clerk of the Circuit Court

NOTE:

1. This summons is effective only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. This summons is effective for service only if served within 60 days after the date it is issued.
3. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason(s).
4. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
5. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Ellen Ryan vs. Capital Asset Management Group, Inc.**  **Case Number: C-15-CV-25-000986**

Case 8:25-cv-01244-GLS    Document 1-2    Filed 04/16/25    Page 7 of 55

## RETURN

☐ Served _____ on _____ at _____
　　　　　　　　　　Whom　　　　　　　　　　　　　　Date　　　　　　　　　　　City/State/Country

☐ Summons and　☐ Show Cause Order and　☐ Complaint/Petition/Motion Served

☐ Unserved _____　_____
　　　　　　　　　Date　　　　　　　　　　　　　　　　　　Reason


_____ ☐ Sheriff
Signature



**MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

**To:** CAPITAL ASSET MANAGEMENT GROUP, INC.
1000 POTOMAC STREET NW
WASHINGTON DC 20007

<table>
<tr><td align="right">**Case Number:**</td><td>**C-15-CV-25-000986**</td></tr>
<tr><td align="right">**Other Reference Number(s):**</td><td></td></tr>
</table>

**ELLEN RYAN VS. CAPITAL ASSET MANAGEMENT GROUP, INC.**

Date: 3/10/2025

## NOTICE OF NEW CASE NUMBER

Please be advised that the above referenced case was received on March 03, 2025, in the office of the Clerk for Montgomery County.

This matter has been assigned the above referenced case number. Please include this case number on all future papers to be filed in this case.

*Karen A. Bushell*

Karen A. Bushell
Clerk of the Circuit Court

**MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

**To:** CAPITAL ASSET MANAGEMENT GROUP, INC.
1000 POTOMAC STREET NW
WASHINGTON DC 20007

<table>
<tr><td>**Case Number:**</td><td>**C-15-CV-25-000986**</td></tr>
<tr><td>**Other Reference Number(s):**</td><td></td></tr>
</table>

**ELLEN RYAN VS. CAPITAL ASSET MANAGEMENT GROUP, INC.**

Date: 3/10/2025

## SCHEDULING ORDER – TRACK 3
## COMPLAINT FILED ON 03/03/2025

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT: [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE: PLT EXPERTS IDENTIFIED* | June 02, 2025 |
| *DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED* | July 01, 2025 |
| *DEADLINE: DEF EXPERTS IDENTIFIED* | July 31, 2025 |
| *DEADLINE: ALL WRITTEN DISCOVERY SERVED BY* | September 29, 2025 |
| *DEADLINE: DISCOVERY COMPLETED* | November 13, 2025 |
| *DEADLINE: ADD'L PARTIES JOINDER* | November 21, 2025 |
| MEETING OF ALL COUNSEL, Time and place to be determined PLUS DEADLINES: | December 01, 2025 |
| *DEADLINE: DISPOSITIVE MOTIONS FILED* | December 01, 2025 |
| *DEADLINE: JOINT PRETRIAL STATEMENT FILED* | December 01, 2025 |
| *DEADLINE: RULE 2-504.3(B) NOTICE* | December 01, 2025 |
| *DEADLINE: ADR DEADLINE* | December 03, 2025 |
| PRETRIAL HEARING | January 08, 2026 at |
| ATTENDANCE REQUIRED | 1:30 PM |
| *DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.* | |
| *DEADLINE: VOIR DIRE, JURY INSTRUCTIONS AND VERDICT SHEET DUE 20 DAYS BEFORE TRIAL DATE* | |

**TRIAL COUNSEL SHALL APPEAR** AT THE PRETRIAL HEARING. MOTIONS FILED IN CIVIL TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 and 2-341.
THE **TRIAL DATE** SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED.

**Trial Date Between:** **January 13, 2026** and **April 23, 2026**

**ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION**

**FILED IN ADANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.**

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility.  The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

3/10/2025
Date

Administrative Judge

\* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

**MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

**To:** CAPITAL ASSET MANAGEMENT GROUP, INC.
1000 POTOMAC STREET NW
WASHINGTON DC 20007

**Case Number:**          **C-15-CV-25-000986**
**Other Reference Number(s):**

**ELLEN RYAN VS. CAPITAL ASSET MANAGEMENT GROUP, INC.**

**CIRCUIT COURT FOR MONTGOMERY COUNTY,**
**MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

**To:** CAPITAL ASSET MANAGEMENT GROUP, INC.
1000 POTOMAC STREET NW
WASHINGTON DC 20007

| | |
|---|---|
| **Case Number:** | **C-15-CV-25-000986** |
| **Other Reference Number(s):** | |

**ELLEN RYAN VS. CAPITAL ASSET MANAGEMENT GROUP, INC.**

Date: 3/10/2025

## ORDER FOR MANDATORY PRETRIAL HEARING – Civil Track 3
## COMPLAINT FILED ON 03/03/2025

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this day, by the Circuit Court for Montgomery County, Maryland,

**ORDERED**, that the parties and trial counsel shall appear in court for a Pretrial Hearing. No further notice will be given of this date. Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case. If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House. The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least seventeen days before the Pretrial Hearing and shall contain the following:

1. <u>Nature of the Case</u>: A brief, non-argumentative statement suitable for reading to a jury.

2. <u>Claims and/or Defenses</u>: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.

3. <u>Undisputed Issues and Facts</u>: List all issues not in dispute and set forth stipulated facts.

4. <u>Disputed Issues</u>: List each disputed issue and the principal contentions of all parties respecting each.

5. <u>Relief Sought</u>: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.

6. <u>Citations</u>: List any cases or statutes which need to be called to the Court's attention.

7. <u>Pending Motions</u>: List title, movant, and filing date of pending motions.

8. <u>Witnesses</u>: Name, address, and telephone number of each person who may be called to testify. As to experts, list matters about which each expert will testify. No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.

9. <u>Exhibits</u>: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial. (Stickers to be attached to each exhibit are available in Clerk's office.) Any objections to another party's exhibits should be stated.

10. <u>Deposition Testimony</u>: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.

11. <u>Pleadings and Discovery Responses</u>: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.

12. <u>Demonstrative or Physical Evidence</u>: Describe any items of non-testimonial, non-documentary evidence - - models, samples, objects, etc. – to be utilized at trial.

13. <u>Videotapes</u>: Identify any videotapes to be shown to the jury and authority for doing so.

14. <u>Requested Jury Selection Questions</u>: Identify those agreed upon and include any objections made by either side.

15. <u>Pattern Jury Instructions</u>: Identify those agreed upon and those not agreed upon. Designate the source of the instruction.

16. <u>Non-Pattern Jury Instructions</u>: Supply complete text of each instruction, with authorities, on a separate page.

17. <u>Verdict Sheet (if requested)</u>: Text of verdict sheet, including any special interrogatories, to be submitted to the jury.

18. <u>Settlement</u>: Minimum demand; Maximum offer.

19. <u>Estimated Length of Trial</u>: _____ days.

and it is further

**ORDERED**, that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than seventeen days (**DEADLINE: December 01, 2025**) before the Pretrial Hearing; and it is further,

**ORDERED**, for cases that have not reached a settlement by the Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle shall participate in good faith in any Settlement Conference, that may be set at the Pretrial.

_3/10/2025_     _James A. Bonifant_

Date     Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

**MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

**To:** CAPITAL ASSET MANAGEMENT GROUP, INC.
1000 POTOMAC STREET NW
WASHINGTON DC 20007

**Case Number:**         **C-15-CV-25-000986**
**Other Reference Number(s):**

## ELLEN RYAN VS. CAPITAL ASSET MANAGEMENT GROUP, INC.

Date: 3/10/2025

## SCHEDULING NOTICE AND ORDER OF COURT - Civil Track 3
## COMPLAINT FILED ON 03/03/2025

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1.) Proof of Service. Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

    a.) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.

    b.) As to any Defendant not timely served, the Court may sever the case against that party.

    c.) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint: DEADLINE: July 01, 2025**

    d.) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**

    e.) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.

    f.) **FAILURE TO SERVE A PARTY WILL NOT RESULT IN MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER.**

2.) Answer or Other Responsive Pleading. Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3.) Initial Discovery. No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution, (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

    a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no

Ellen Ryan vs. Capital Asset Management Group, Inc.                          Case Number: C-15-CV-25-000986
                                                                             Other Reference Number(s):

circumstances may this information be withheld.

4.) <u>Discovery of Electronic Information</u>.  Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner conducting discovery regarding electronic information, and the parties should address the following:

    a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;

    b) Exchange of discoverable information in electronic format where appropriate, including:

        i) The format of production, i.e., PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the storage media on which the information shall be exchanged; and

        ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.

    c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;

    d) The manner of handling inadvertent production of privileged materials; and

    e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5.) <u>Attorneys' Fees</u>.  If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury.  The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules.  If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue.  (See Rules 2-703, 2-704, and 2-705.)

6.) <u>Mediation</u>.  PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE.  PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE).  Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator.  Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court.  Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an object to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

        3/10/2025                           _____
           Date                                    Administrative Judge

\* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

IN THE CIRCUIT COURT FOR <u>Montgomery County</u>
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).

   *Defendant:* You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF  ☐ DEFENDANT          CASE NUMBER _____
(Clerk to insert)

**CASE NAME:** Ryan v. Capital Asset Manage. Group Inc          vs.

**PARTY'S NAME:** Ellen Ryan *(Plaintiff)*          PHONE: 443-906-3495 *(Defendant)*

**PARTY'S ADDRESS:** 220 N. Liberty Street, Baltimore, MD 21201

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** A. Abraham, Esq. and E. Menhart, Esq.   PHONE: 443-906-3495

**PARTY'S ATTORNEY'S ADDRESS:** 220 N. Liberty Street, Baltimore, MD 21201

**PARTY'S ATTORNEY'S E-MAIL:** abraham@thecyberlawteam.com

**JURY DEMAND?** ☒ Yes  ☐ No

**RELATED CASE PENDING?** ☐ Yes  ☒ No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours  5  days

### PLEADING TYPE

**New Case:** ☒ Original   ☐ Administrative Appeal   ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY *(Check one box.)*

**TORTS**
☐ Asbestos
☐ Assault and Battery
☒ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death
**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability
**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari
**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination
**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel
**PEACE ORDER**
☐ Peace Order
**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus
**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☒ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☒ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☒ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☒ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.     ☐ Liability is not conceded, but is not seriously in dispute.     ☒ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation          ☒ Yes  ☐ No          C. Settlement Conference     ☒ Yes  ☐ No
B. Arbitration        ☒ Yes  ☐ No          D. Neutral Evaluation        ☒ Yes  ☐ No

## SPECIAL REQUIREMENTS

☐  If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐  If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL.***

### *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☒ More than 3 days of trial time
☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited -** Trial within 7 months of          ☒ **Standard -** Trial within 18 months of
Defendant's response                                Defendant's response

EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* |
| ☐ **Expedited -** Trial within 7 months of Defendant's response        ☒ **Standard -** Trial within 18 months of Defendant's response |

| ***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*** |
|---|

| **CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)** | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

| **CIRCUIT COURT FOR BALTIMORE COUNTY** | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

03/03/2025
_____
Date

80 M St SE
_____
Address

Washington           DC        20003
_____
City            State        Zip Code

/s/Eric Menhart, Esq.                Maryland Barred
_____
Signature of Attorney / Party          Attorney Number

Eric Menhart, Esq.
_____
Printed Name



80 M St SE Ste 100
Washington, DC 20003
Phone/Fax: 855-4-LEXERO
www.Lexero.com

*Eric J. Menhart, Esq.*
Admitted in DC, MD, VA

---

*Via E-Filing*

Monday, March 03, 2025

Clerk of Court
Montgomery County Circuit Court
50 Maryland Avenue
Rockville, MD 20850

**Re: Request for Summons in Ryan v. Capital Asset Management Group, Inc.**

To Whom It May Concern:

My firm represents Ms. Ryan in a newly filed matter, attached hereto. Given that the new complaint has been filed, I request that you issue a summons directed to:

Capital Asset Management Group, Inc.
1000 Potomac Street NW
Washington, DC 20007

Your prompt response is respectfully requested. My direct line is 202-904-2818 or I may be reached via email at Eric.Menhart@Lexero.com. Thank you.

Yours truly,

Eric J. Menhart

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

| | | |
|---|---|---|
| ELLEN RYAN, an individual, | ) | |
| *on behalf of herself all others similarly situated*, | ) | |
| | ) | |
| **c/o** Arnold Abraham, Esq. | ) | |
| The CyberLaw Group | ) | |
| 220 N. Liberty Street | ) | |
| Baltimore MD 21201 | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| **CAPITAL ASSET MANAGEMENT** | ) | |
| **GROUP, INC.** | ) | |
| 1000 Potomac Street NW | ) | |
| Washington, DC 20007 | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Ellen Ryan, an individual ("Ms. Ryan" or "Named Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, sues Defendant, Capital Asset Management Group, Inc. ("CAMG"), and states as follows:

1. This class action seeks monetary and injunctive relief to redress injuries resulting from Defendant's negligence and wrongful acts related to a computer data breach that exposed the personal data of individuals who were clients of CAMG.

2. This Court has subject matter jurisdiction over this action under the Class Action as the amount in controversy exceeds $25,000, exclusive of interest and costs, and the relief sought includes equitable, declaratory, and injunctive relief for which the Circuit Court has exclusive jurisdiction.

3. The overall amount in controversy in this case, including projected damages for the entire

1

prospective class, is below $5,000,000.00 and therefore this action is not subject to the Class Action Fairness Act.

4.      This Court has personal jurisdiction over the present matter because Defendant contracted to provide services in Maryland, or regularly conducts business in Maryland.

5.      Maryland is also where a substantial portion of the events or omissions giving rise to this claim occurred and a substantial portion of the property that is the subject of this action is situated.

6.      At all times material hereto, Ms. Ryan was sui juris and a resident of Montgomery County, Maryland.

7.      Capital Asset Management Group, Inc. ("CAMG") is a privately owned and independent financial service provider.

8.      CAMG's headquarters is in Washington, D.C.  and it has locations in Millville, DE; Newport News, VA; and Easton, MD.

9.      CAMG is a company doing business in Montgomery County, Maryland.

10.     CAMG has been operating over 40 years and reports that its areas of expertise include financial planning, retirement planning, investment management, risk management and insurance services, estate and legacy planning, long term care planning, comprehensive tax analysis and preparation, and more.

11.     CAMG claims to serve individuals of all incomes, ages and financial objectives, including young professionals, established professionals and those who are financially independent.

12.     CAMG has claimed "We are not status quo financial advisors."

2

13.     CAMG serves as fiduciary advisors for their clients.

14.     The President and Chief Executive Officer of CAMG, is John Girouard.

15.     Mr. Girouard holds the highest certifications in the field of financial advice, including. CFP®, ChFC®, CLU®, and CFS®.

16.      Mr. Girouard has published scores of articles and numerous books on issues of concern to investors and financial professionals.

17.     Certified Financial Planner (CFP®) are required to maintain confidentiality and privacy of its current and former clients according to the CFP Board's Code of Ethics and Standards of Conduct   See https://www.cfp.net/ethics/code-of-ethics-and-standards-of-conduct (last accessed February 23, 2025)

18.     The CFP Code of Ethics requires CFPs to take reasonable steps to protect the security of non-public personal information about any client, including the security of information stored physically or electronically, from unauthorized access that could result in harm or inconvenience to the client.

19.     According to the Securities Industry and Financial Markets Association (SIFMA), Cybersecurity must be a top priority in the financial industry to ensure the security of customer assets and information and the efficient, reliable execution of transactions within markets. https://www.sifma.org/explore-issues/cybersecurity/

20.     According to SIFMA, the financial services sector must be committed to furthering the development of industry-wide cybersecurity initiatives that protect our clients and critical business infrastructure, improve data sharing between public and private entities and safeguard customer information. https://www.sifma.org/resources/cybersecurity-resources/

3

21.     SIFMA provides resources to help financial services firms to address critical cyber threats and improve the industry's overall cybersecurity. https://www.sifma.org/resources/general/small-firms-cybersecurity-guidance-how-small-firms-can-better-protect-their-business/

22.     On information and belief, CAMG did not place sufficient priority on cyber security or maintaining privacy of their client's Personal Information – as evidenced by a lack of any mention of these issues on their public website that contains dozens of pages of detailed information about the company and its services.  See https://capitalamg.com/ (last accessed February 23, 2025.)

23.     "Personal information" ("PI") is defined under Maryland's Personal Information Privacy Act §14–3501 (e) (1).

24.     Ms. Ryan was a client of CAMG and entrusted her PI and financial records to them.

25.     Ms. Ryan ceased to be an active client of CAMG in 1996.

26.     Ms. Ryan has had no contact with CAMG for almost three decades.

27.     At all times material hereto, Ms. Ryans' PI was stored on CAMG's computer network and related cloud based network.

28.     In January 2024, Defendant suffered from a breach in their computer network security that had affected the privacy and PI of Ms. Ryan and numerous other clients.

29.     As a result of the breach, PI (including her name and social security number) of Ms. Ryan was accessed and disclosed in an unauthorized manner.

30.     According to CAMG, an unauthorized actor accessed their employee email network between January 19, 2024, and February 9, 2024.

31.     According to CAMG, the breach consisted of an "external system breach (hacking)."

32.     CAMG did not reveal how many times the unauthorized actor gained access to CAMG's data during this period of over 20 days.

33.     CAMG did not reveal what actions were taken by the unauthorized actor during the time they had access to CAMG's employee email network.

34.     According to CAMG, the breach enabled unauthorized access to PI, including social security numbers, of numerous persons.

35.     According to CAMG, they first became aware of a breach in their network security on July 16, 2024.

36.     CAMG did not reveal why it took them more than six months to discover the failure of their computer network security that resulted in a breach.

37.     According to CAMG, they first determined the identity of specific people whose PI had been compromised on July 16, 2024.

38.     According to CAMG, they provided notification to those affected on October 23, 2024.

39.     CAMG did not provide notifications of the incident until more than 90 days after the breach was allegedly discovered and almost a full year since the breach occurred.

40.     CAMG provided no explanation as to the delay in notification to those affected.

41.     CAMG's breach notification mailed to those impacted stated they investigated an incident involving unauthorized access to their employee email network, but they did not state the time period during which this incident occurred nor when it was first discovered by CAMG.

42.     CAMG's breach notification mailed to those impacted provided no information as to who was suspected to be the source of the breach or what specific failure there was in their security architecture, network, policy, or procedures.

43.     CAMG's breach notification mailed to those impacted provided no details as to what measures were taken to secure their network.

44.     CAMG's breach notification mailed to those impacted provided no details as to the breach investigation, such as the scope of effort and whether outside cyber security experts were retained.

45.     CAMG's breach notification mailed to those impacted provided no details as to the additional security measures and training they have undertaken to prevent future such incidents.

46.     On information and belief, the integrity of the CAMG's entire computer network was compromised based on this breach incident.

47.     On information and belief, the confidentiality of all information on CAMG's computer network was compromised based on this breach incident.

48.     On information and belief, ALL of CAMG's current and former clients had their PI and financial records exposed as a result of this breach.

49.     Plaintiff Ryan, despite having not been a client of CAMG for many years, was nonetheless victimized because CAMG did not regularly purge or securely archive data of its customers, including PI of Plaintiff Ryan.

50.     On information and belief, data resident on CAMG's network, including PI of current and former clients,  was copied,  downloaded and exfiltrated by criminal actors during the time they had unauthorized access.

6

51.     On information and belief, the compromised PI of current and former clients remains in the hands of criminal actors that breached CAMG's network.

52.     According to CAMG, the information accessed without authorization included the name, address, Social Security number, financial account information, date of birth, and email address of its clients.

53.     The information listed in the above paragraph fits in the category of financial information and Personal Information ("PI").

54.     Breaches of PI are subject to the provisions of the Maryland Personal Information Privacy Act ("MD PIPA").

55.     CAMG did not comply with breach notification requirements of MD PIPA.

56.     On information and belief, CAMG has been well aware of the risk posed to financial records such as what was exposed in this case.

57.     In the alternative, CAMG should reasonably have been well aware of the risk of cyber security breach such as what took place in this case.

58.     On information and belief, CAMG had access to numerous resources to provide awareness of the cyber threats to their network and to prepare defenses against such attacks.

59.     For example, SIFMA provides resources to help financial services firms to address critical cyber threats and improve the industry's overall cybersecurity. See https://www.sifma.org/resources/general/small-firms-cybersecurity-guidance-how-small-firms-can-better-protect-their-business/ and https://www.sifma.org/resources/cybersecurity-resources/

60.     The FS-ISAC also provides resources to help companies such as CAMG ensure adequate cybersecurity. See https://www.fsisac.com/about-us

61.     On information and belief, CAMG failed to leverage countless resources available through organizations such as SIFMA and FS-ISAC, or other sources, to improve its cybersecurity posture.

62.     On information and belief, despite its understanding of the need for cybersecurity, CAMG had no effective means to prevent, detect, stop, or mitigate breaches of its computer systems.

63.     On information and belief, CAMG failed to adequately train its employees on cybersecurity and failed to maintain reasonable computer security safeguards and protocols to protect PI in its possession.

64.     As a direct and proximate result of Defendant 's negligence, Plaintiff and Class members have sustained and will continue to sustain economic loss and other harms. They have experienced and/or face an increased risk of experiencing the following forms of injuries:

    a.  Direct and indirect negative impacts on health and welfare, leading to permanent and irreversible consequences in their personal and professional lives:

        i.  theft of their Personal Information;

        ii.  publication of their Personal Information to the Dark Web;

        iii.  damages to and diminution in value of their Personal Information;

        iv.  loss of the opportunity to control how their Personal Information is used;

        v.  time spent on efforts to research how to prevent, detect, contest, and recover from misuse of Personal Information;

        vi.  Emotional distress from the unauthorized disclosure of information to strangers who likely have nefarious intentions and now have prime opportunities to commit identity theft, fraud, and other types of attacks on Plaintiff.

8

vii.   Continued risk of exposure to hackers and thieves of their information, which remains in Defendant's possession and is subject to further breaches so long as CAMG fails to undertake appropriate and adequate measures to protect Class members' data.

b.   Costs associated and time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the breach, including:

i.   money and time expended to prevent, detect, contest, and repair identity theft, fraud, and other unauthorized uses of Personal Information, including by identifying, disputing, and seeking reimbursement for fraudulent activity and canceling compromised financial accounts and associated payment cards; imposing withdrawal and purchase limits on compromised accounts and other accounts subject to potential compromise; enrolling in credit monitoring and identity theft protection services;

ii.   money and time lost as a result of fraudulent access to and use of their financial accounts, and fraudulent charges, loss of use of and access to their financial accounts and/or credit, including loss of use and access to their financial account funds and costs associated with the inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit;

iii.   money and time expended to periodically order credit reports and place temporary freezes on credit, and to

iv.   money and time expended to avail themselves of assets and/or credit frozen

or flagged due to misuse;

v.   impairment of their credit scores, ability to borrow, and/or ability to obtain credit;

vi.   anticipated future costs from the purchase of credit monitoring and identity theft protection services once the temporary services being offered by Defendant expire;

c.   Costs associated with additional computer security needed due to increased personal vulnerability to cyber threats, including the enhanced risk of potential phishing attacks specifically crafted based on the extensive Personal Information revealed, such as increased costs for anti-malware software and network security software and monitoring services on all of Plaintiff's electronic devices, as well as increased time and effort to monitor for potential intrusions and respond to cyber security incidents on their personal devices and networks.

65.   Plaintiff was/will be required to spend a substantial amount of time responding to and rectifying the losses incurred.

66.   Plaintiff alleges that any and all time spent responding to and rectifying the breaches and losses described herein is properly valued at a fair hourly rate, multiplied by the time expended.

67.   The full impact of the violation of privacy through this breach can only be measured over the course of the lifetime of those affected.

68.   As a direct and proximate result of the unauthorized access and disclosure of her private information, Plaintiff became severely stressed and suffered anxiety, including physical manifestations.

10

<u>CLASS ALLEGATIONS</u>

**A.** STATEMENT OF MAINTAINABLE CLASS CLAIMS

69.     Pursuant to Md. Rule 2-231, Plaintiff brings this class action on behalf of herself and on behalf of all others similarly situated pursuant to Md. Rule 2-231(b)(2) and (3).

**B.** DEFINITION OF CLASS

70.     The "Class" that Plaintiff seeks to represent is defined as follows:  All persons whose Personal Information was maintained by CAMG and accessed or acquired during the Data Breach of their network that occurred in January and February 2024.

71.     Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parent entities, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

72.     Plaintiff reserves the right to modify or amend the definition of the proposed class before the Court determines whether certification is appropriate.

**C.** ALLEGATIONS OF NUMEROSITY

73.     Pursuant to Md. Rule 2-231(a)(1), the Class Members are so numerous that the joinder of all members is impracticable. Upon information and belief, there are over one thousand of individuals whose Personal Information may have been improperly accessed in the Data Breach, and the Class is readily identifiable within Defendant's records.

11

**D.** IDENTIFICATION OF COMMON QUESTIONS OF LAW OR FACT

74.    Pursuant to Md. Rule 2-231(a)(2), the questions of law and fact common to the Class exist and predominate over any questions affecting only individual Class Members. These include:

a.  Whether and to what extent Defendant had a duty to protect the Private Information of Plaintiff and Class Members;

b.  Whether Defendant had a duty not to disclose the Personal Information of Plaintiff and Class Members to unauthorized third parties;

c.  Whether Defendant had duties not to use the Personal Information of Plaintiff and Class Members for non-business purposes;

d.  Whether Defendant failed to adequately safeguard the Personal Information of Plaintiff and Class Members;

e.  Whether and when Defendant actually learned of the Data Breach;

f.  Whether Defendant adequately, promptly, and accurately informed Plaintiff and Class Members that their PI had been compromised;

g.  Whether Defendant violated the law by failing to promptly notify Plaintiff and Class Members that their PI had been compromised;

h.  Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

i.  Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

j.  Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the Personal Information of Plaintiff and Class Members;

k.  Whether Plaintiff and Class Members are entitled to actual, consequential, and/or nominal damages as a result of Defendant' wrongful conduct;

l.  Whether Plaintiff and Class Members are entitled to restitution as a result of Defendant' wrongful conduct; and

m.  Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of the Data Breach.

**E.** ALLEGATIONS OF TYPICALITY

75.     Pursuant to Md. Rule 2-231(a)(3), Plaintiff's claims are typical of those of other Class Members because all had their Personal Information compromised as a result of the Data Breach due to Defendant's misfeasance.

**F.** ADEQUACY OF REPRESENTATION

76.     Pursuant to Md. Rule 2-231(a)(4), Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the Members of the Class and the infringement of the rights Plaintiff has suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class action litigation.

77.     Moreover, Plaintiff has retained undersigned counsel, Arnold Abraham, with extensive cyber-security expertise, including as a senior executive at the Department of Homeland Security and Department of Defense, U.S. Cyber Command.[1]

78.     The plaintiff has also retained undersigned counsel, Eric Menhart, that has litigated complex technology cases for nearly twenty years. Among other things, Menhart has been quoted or featured in numerous media outlets, including the Baltimore Sun, Washington Post, CNN and Fox News on IT and IP legal issues. Menhart has also successfully litigated statutes such as the Stored Communications Act, Computer Fraud and Abuse Act in federal trial and appellate courts.

**G.** PREDOMINANCE

79.     Pursuant to Md. Rule 2-231(b)(2), Defendant has engaged in a common course of conduct toward Plaintiff and Class Members, in that the Plaintiff's and Class Members' data was

---

[1] *See https://www.thecyberlawteam.com/about.*

maintained and unlawfully accessed in the same way. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Defendant's policies challenged herein apply to and affect Class

80.     Members uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

**H.** SUPERIORITY

81.     Pursuant to Md. Rule 2-231 (b)(3), Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

82.     The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class Members for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the

costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

83.     The litigation of the claims brought herein is manageable. Defendant's uniform conduct, including its privacy policy, uniform methods of data collection, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

84.     Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

85.     Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly secure the Personal Information of Class Members, Defendant may continue to refuse to provide proper notification to Class Members regarding the Data Breach, and Defendant may continue to act unlawfully as set forth in this Petition.

86.     Further, Defendant has acted or refused to act on grounds generally applicable to the Class and, accordingly, class certification, injunctive relief, and corresponding declaratory relief are appropriate on a Class-wide basis.

87.     Likewise, under Md. Rule 2-231(c)(4), the following issues are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

        a.  Whether Defendant owed a legal duty to Plaintiff and Class

Members to exercise due care in obtaining, storing, collecting, maintaining, using, and/or safeguarding their Personal Information;

b. Whether Defendant breached a legal duty to Plaintiff and Class Members to exercise due care in obtaining, storing, collecting, maintaining, using, and/or safeguarding their Personal Information;

c. Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

d. Whether Defendant adequately and accurately informed Plaintiff and Class Members that their Personal Information had been compromised;

e. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

f. Whether hackers obtained Class Members' Personal Information via the Data Breach;

g. Whether Defendant breached its duty to provide timely and accurate notice of the Data Breach to Plaintiff and Class Members; and

h. Whether Class Members are entitled to actual, consequential, and/or nominal damages, and/or injunctive relief as a result of Defendant's wrongful conduct.

COUNT I -NEGLIGENCE

88.    Plaintiff realleges and incorporates by reference each and every allegation set forth above.

89.    CAMG had a duty to the Plaintiff to maintain data security measures consistent with statutory and industry standards.

90.    CAMG had a duty to the Plaintiff to design, maintain, or test security systems to ensure that Plaintiff's Personal Information (PI) in their possession was adequately secured and protected.

91.     CAMG had a duty to the Plaintiff to implement processes that would detect a breach of its security system in a timely manner.

92.     On information and belief, CAMG breached each of these duties, as evidenced by the events described in this complaint.

93.     CAMG knew or should have known of the risks inherent in collecting, maintaining, and storing PI and financial records of Plaintiff and the heightened risk of doing so without adequate security systems and protocols.

94.     CAMG owed a duty to Plaintiff to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting their PI in its possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons.

95.     On information and belief, CAMG breached the above duty, as evidenced by the events described in this complaint.

96.     CAMG had a duty to prevent foreseeable harm to Plaintiff. This duty existed because Plaintiff were foreseeable and probable victims of inadequate security practices.

97.     It was foreseeable that Plaintiff would be harmed by the failure to protect their PI because hackers routinely attempt to steal such information and use it for nefarious purposes.

98.     CAMG breached the duties it owed to Plaintiff to keep their information secure.

99.     But for CAMG's wrongful and negligent breach of its duties owed to Plaintiff and Class Members, their PI would not have been compromised.

100.    On information and belief, CAMG had numerous opportunities in advance of the breach to reasonably implement adequate cyber security measures as part of their duties to the Plaintiff but failed to do so.

101.    On information and belief, Defendant failed to maintain data security measures consistent with statutory and industry standards.

102.    On information and belief, CAMG failure to adequately implement one or more of the FS-ISAC's 15 fundamental cybersecurity recommendations essential to financial services firms' security and business operations, resulted in the breach.  See https://www.fsisac.com/cyber-fundamentals (last accessed February 23, 2025).

103.    On information and belief, Defendant failed to implement the following measures recommended by the FBI as proactive preventative measures to maintain computer network security and avoid attacks, such as the one that resulted in the breach:

   a. Implement an awareness and training program. Because end users are targets, employees and individuals should be aware of the threat of ransomware and how it is delivered;

   b. Enable strong spam filters to prevent phishing emails from reaching the end users and authenticate inbound email using technologies like Sender Policy Framework (SPF), Domain Message Authentication Reporting and Conformance (DMARC), and DomainKeys Identified Mail (DKIM) to prevent email spoofing;

   c. Scan all incoming and outgoing emails to detect threats and filter executable files from reaching end users;

   d. Configure firewalls to block access to known malicious IP addresses;

   e. Patch operating systems, software, and firmware on devices. Consider using a centralized patch management system;

   f. Set anti-virus and anti-malware programs to conduct regular scans automatically;

g.  Manage the use of privileged accounts based on the principle of least privilege: no users should be assigned administrative access unless absolutely needed; and those with a need for administrator accounts should only use them when necessary;

h.  Configure access controls—including file, directory, and network share permissions—with least privilege in mind. If a user only needs to read specific files, the user should not have written access to those files, directories, or shares;

i.  Disable macro scripts from office files transmitted via email. Consider using Office Viewer software to open Microsoft Office files transmitted via email instead of full office suite applications;

j.  Implement Software Restriction Policies (SRP) or other controls to prevent programs from executing from common ransomware locations, such as temporary folders supporting popular Internet browsers or compression/decompression programs, including the AppData/LocalAppData folder;

k.  Consider disabling Remote Desktop protocol (RDP) if it is not being used;

l.  Use application whitelisting, which only allows systems to execute programs known and permitted by security policy;

m.  Execute operating system environments or specific programs in a virtualized environment; and

n.  Categorize data based on organizational value and implement physical and logical separation of networks and data for different organizational units; and

o.  Conduct an annual penetration test and vulnerability assessment.

104.  On information and belief, Defendant failed to implement the measures recommended by the United States Cybersecurity & Infrastructure Security Agency to prevent and detect cyber attacks, including the attack that resulted in the breach.

105.    On information and belief, Defendant failed to implement the measures recommended by the Microsoft Threat Protection Intelligence Team to prevent and detect cyber attacks, including the attack that resulted in the breach.

106.    As a direct and proximate result of CAMG's negligence and breach of duties, Plaintiff sustained and will continue to sustain economic loss and other harms.

107.    Plaintiff experienced and/or face an increased risk of experiencing the following forms of injuries:

•    direct and indirect negative impacts on health and welfare, leading to permanent and irreversible consequences in his personal and professional life; and

•    emotional distress, mental pain and suffering due to exposure of highly sensitive private information.

108.    Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting their Personal Information in its possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendant had a duty to prevent foreseeable harm to others. This duty existed because Plaintiff and Class Members were foreseeable and probable victims of inadequate security practices.

109.    In fact, not only was it foreseeable that Plaintiff and Class Members would be harmed by the failure to protect their Personal Information, because hackers routinely attempt to steal such information and use it for nefarious purposes, but Defendant also knew that it was more likely than not Plaintiff and other Class Members would be harmed, and in fact, suffered harm as identified above.

110.    Defendant breached the duties they owed to Plaintiff and Class Members to keep

their information secure. But for Defendant' wrongful and negligent breach of its duties owed to Plaintiff and Class Members, and without any wrongdoing on the part of Plaintiff or Class Members, Plaintiff's and Class Members' Personal Information would not have been compromised.

111.    Plaintiff relies on the doctrines of actual and apparent agency, res ipsa loquitur, and respondeat superior where applicable.

112.    CAMG's negligence caused Plaintiff to suffer harm as described above and actual damages in an amount to be determined at trial.

COUNT II –VIOLATION OF MARYLAND PERSONAL INFORMATION PRIVACY ACT ("PIPA"), MD. COMM. CODE §§ 14-3504

113.    Plaintiff realleges and incorporates by reference every allegation set forth above.

114.    Per Maryland §14–3501 (e) (1), "Personal information" (PI) means: (i) An individual's first name or first initial and last name in combination with any one or more of the following data elements, when the data elements are not encrypted, redacted, or otherwise protected by another method that renders the information unreadable or unusable:

1. A Social Security number, an Individual Taxpayer Identification Number, a passport number, or other identification number issued by the federal government; 2. A driver's license number or State identification card number; 3. An account number, a credit card number, or a debit card number, in combination with any required security code, access code, or password, that permits access to an individual's financial account; 4. Health information, including information about an individual's mental health; 5.A health insurance policy or certificate number or health insurance subscriber identification number, in combination with a unique identifier used by an insurer or an employer that is self–

21

insured, that permits access to an individual's health information.

115.    The actions of Defendant described in this complaint constitute breach of a security system under §14–3504.

116.    CAMG violated PIPA because it did not provide notice of the breach of its security in accordance with the requirements of §14–3504.

117.    None of the communications from CAMG to Plaintiff following the breach included all of the information required in §14–3504 and the absence of this vital information rendered the notices insufficient.

118.    CAMG also violated PIPA because it did not provide notice of the breach within the minimum timelines required by the statute.

119.    On information and belief, CAMG also failed to provide adequate or timely notice to the Maryland Attorney General of the incident, as required by §14–3504.

120.    Through CAMG's actions alleged above, Plaintiff suffered actual damages in an amount to be determined at trial.

COUNT III – ACTION FOR VIOLATION OF MARYLAND CONSUMER PROTECTION ACT ("CPA"), MD. COMM. CODE §§ 13-301.

121.    Plaintiff realleges and incorporate by reference each and every allegation set forth above.

122.    CAMG has engaged in unfair or deceptive trade practices, in violation of Maryland Code, Commercial Law Article §§ 13-301 and 13-303.

123.    Under Maryland Code, Commercial Law Article §14–3508, a violation of MD PIPA

is an unfair or deceptive trade practice as defined in the Maryland Consumer Protection Act.

124.  CAMG's violations of MD PIPA, as described above, therefore are unfair and deceptive trade practices and violations of § 13-301.

125.  Through Defendant's actions alleged above, Plaintiff suffered actual damages in an amount to be determined at trial.

126.  Plaintiff should also be awarded attorneys' fees as authorized by Maryland Code, Commercial Law § 13-408(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ellen Ryan, on behalf of herself and all others similarly situated, respectfully requests the following relief:

A.    For an Order certifying the instant matter as a class action;

B.    For equitable relief enjoining Defendant from engaging in the wrongful conduct described above;

C.    For compensatory damages;

D.    For reasonable attorney's fees and costs; and

E.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Ellen Ryan, pursuant to pursuant to Md. Rule 2-325, demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ *Arnold J. Abraham, Esq.*          /s/ *Eric Menhart, Esq.*

Arnold J. Abraham                    Eric Menhart
The CyberLaw Group                   Lexero LLC
220 N. Liberty Street                80 M St SE Suite 100
Baltimore, Maryland 21201            Washington, DC 20003
Phone: 443-906-3495                  Phone: 855-4-LEXERO (855-453-9376)
abraham@thecyberlawteam.com          Eric.Menhart@lexero.com

*Attorneys for Plaintiff and Proposed Class*

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MD

| | |
|---|---|
| ELLEN RYAN<br>and Others Similarly Situated<br><br>v.<br><br>CAPITAL ASSET MANAGEMENT<br>GROUP INC. | Case No. C-15-CV-25-000986 |

### AFFIDAVIT OF SERVICE AS TO CAPITAL ASSET MANAGEMENT GROUP INC.

I, Eric Menhart, am a Maryland licensed attorney for Plaintiff Ellen Ryan, and others similarly situated, in this action.

Pursuant to Maryland Rule 2-121 I certify that, on March 17, 2025, I served copies of the following documents upon Defendant Capital Asset Management Group Inc.:

- Writ of Summons (including Notice of New Case Number, Scheduling Order, Order for Mandatory Pretrial Hearing, Scheduling Notice and Order of Court)

- Civil Non-Domestic Case Information Sheet

- Letter Re Request for Summons in Ryan v. Capital Asset Management Group, Inc.

- Class Action Complaint

The documents were served on Defendant in all of the following manners:

First, the documents were formally served on Defendant's Registered Agent, John E. Girouard, 1414 34th St. NW, Washington, DC, 20007, via UPS, on March 17, 2025. *See* Exhibit A. The carrier confirmed that the documents were delivered on March 17, 2025 at 10:43 AM. *See* Exhibit B.

1

Second, as a courtesy, I delivered an electronic copy of all documents to Defendant's counsel, BakerHostetler, via email on March 18, 2025. Defendant's attorneys, Elizabeth Scully, Sean Solis and David Sherman were all included in the initial email or subsequent emails.

Third, as a courtesy, on March 17, 2025, I mailed a copy of all documents via the United States Postal Service, to Defendant's office at 1000 Potomac St NW, Ste 300, Washington, DC 20007, employing USPS tracking number 9400130109355051927039.

I declare under the penalty of perjury that the foregoing is true and correct.

* * *

Respectfully Submitted,

/s/ Eric Menhart, Esq.
Eric Menhart, Esq.
Lexero Law
80 M St SE Ste 100
Washington, DC 20003
Phone: 855-453-9376

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via electronic case filing on the date noted by the electronic case filing system.

/s Eric J. Menhart
Eric J. Menhart, Esq.

2

E-FILED; Montgomery Circuit Court
Docket: 3/20/2025 11:43 AM; Submission: 3/20/2025 11:43 AM
Envelope: 20443604

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MD**

| | |
|---|---|
| ELLEN RYAN<br>and Others Similarly Situated<br><br>v.<br><br>CAPITAL ASSET MANAGEMENT<br>GROUP INC. | Case No. C-15-CV-25-000986 |

## <u>NOTICE REGARDING SERVICE OF DISCOVERY</u>

Plaintiff files this "Notice Regarding Service of Discovery" Pursuant to Maryland Rule 2-401. Plaintiff recently served the following documents on Defendant's Counsel:

- Plaintiff's First Request for Admissions to Defendant

- Plaintiff Ryan's First Set of Interrogatories to Defendant Capital Asset Management Group, Inc.

- Plaintiff Ryan's First Request for Production of Documents to Defendant Capital Asset Management Group, Inc.

The Documents were served via first class postal mail on March 19, 2025, with USPS tracking number 9400 1301 0935 5053 1578 54, to Elizabeth Scully, Esq., BakerHostetler, 1050 Connecticut Avenue, NW, Suite 1100, Washington, D.C. 20036.

Defendant's attorneys were also provided courtesy copies of the discovery requests via email on March 19, 2025. These courtesy copies were sent to Attorney Sean Solis at ssolis@bakerlaw.com and Attorney Elizabeth Scully at EScully@bakerlaw.com.

\* \* \*

1

Respectfully Submitted,

/s/ Eric Menhart, Esq.
Eric Menhart, Esq.
Lexero Law
80 M St SE Ste 100
Washington, DC 20003
Phone: 855-453-9376

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served via electronic case filing on the date noted by the electronic case filing system.

/s Eric J. Menhart
Eric J. Menhart, Esq.



(/Home.aspx/index)

Mayor Muriel Bowser

**311 Online (https://311.dc.gov)     Agency Directory (https://dc.gov/directory)     Online Services (https://dc.gov/online-services)     Accessibility (https://dc.gov/page/dcgov-accessibility-policy)**

Home (/Home.aspx)

Edit Account (/Account.aspx/AccountManagement)

Sign Out (/Account.aspx/LogOff?signoutFromCropLogin=true)

# CAPITAL ASSET MANAGEMENT GROUP INC. - Initial File Number: 980804

| Main | Reports | Trade Names | Beneficial Owners |

## Entity Info

Exhibit A

**Business Name**
CAPITAL ASSET MANAGEMENT GROUP

**Suffix**
INC.

**Registration / Effective Date**
3/12/1998

**Commencement Date**
3/12/1998

**Entity Status**
Active

**Foreign Name**
NA

**Date of Organization**
3/12/1998

**State**
District of Columbia

**Country**
USA

## Business Address

**Line1**
1000 Potomac St NW

**Line2**
Ste 300

| City | State | Zip |
|------|-------|-----|
| Washington | District of Columbia | 20007 |

## Agent

**Is non-commercial Registered Agent?**
Yes

**Name**
JOHN E. GIROUARD

Exhibit A

# Address

### Line1
1414 34TH ST., N.W.,

### Line2


| City | State | Zip |
|------|-------|-----|
| Washington | District of Columbia | 20007 |

### Email
j.e.girouard@capitalamg.com

## Return to Home

**District News**

- Mayor's Public Schedule (https://mayor.dc.gov/newsroom)

- Citywide News (https://newsroom.dc.gov)

- Citywide Calendar (https://calendar.dc.gov/events)

- Subscribe to Receive Emails (https://service.govdelivery.com/accounts/DCWASH/subscriber/new)

- Subscribe to Text Alerts (https://hsema.dc.gov/page/alertdc)

- Subscribe to Newsletters (https://public.govdelivery.com/accounts/DCWASH/subscriber/new)

Exhibit A

**District Initiatives**

- Green DC (https://green.dc.gov)
- Grade DC (https://grade.dc.gov)
- Age-Friendly DC (https://agefriendly.dc.gov)
- Sustainable DC (https://sustainable.dc.gov)
- Connect DC (https://connect.dc.gov)
- Great Streets (https://greatstreets.dc.gov)
- Ready DC (https://ready.dc.gov)

**About DC**

- Open DC (https://open.dc.gov)
- Budget (https://cfo.dc.gov/budget)
- Emancipation (https://emancipation.dc.gov)
- Consumer Protection (https://oag.dc.gov/consumer-protection)
- Contracts (https://dc.gov/contracts)
- Property Quest (https://propertyquest.dc.gov)
- Track DC (https://track.dc.gov)

**Contact Us**

- Agency Director (https://directory.dc.gov)
- Call 311 (https://311.dc.gov)
- Contact the Mayor (https://dcforms.dc.gov/webform/executive-office-mayor-ask-mayor)
- Contact Agency Directors (https://dlcp.dc.gov/page/contact-agency-directors)

Exhibit A

- FOIA Requests (https://foia.dc.gov)

- Report Website Problems (https://dcforms.dc.gov/webform/problems-dc-government-website)

- Send Feedback (https://feedback.dc.gov)

Exhibit A

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

1ZT58J4Z0131161626

**Weight**

0.50 LBS

**Service**

UPS Next Day Air®

**Shipped / Billed On**

03/14/2025

**Delivered On**

03/17/2025 10:43 A.M.

**Delivered To**

WASHINGTON, DC, US
**Left At**

See Delivery Photo

Please print for your records as photo and details are only available for a limited time.

Sincerely,

UPS

Tracking results provided by UPS: 03/17/2025 12:30 P.M. EST



<span style="color:red">Exhibit B</span>

E-FILED; Montgomery Circuit Court
Docket: 4/15/2025 3:44 PM; Submission: 4/15/2025 3:44 PM
Envelope: 20800713

☐ **SUPREME COURT OF MARYLAND** ☐ **APPELLATE COURT OF MARYLAND**
☒ **CIRCUIT COURT** ☐ **DISTRICT COURT OF MARYLAND FOR** Montgomery County
                                                                    City/County
Located at  50 Maryland Ave., Rockville, MD 20850         Telephone 240-777-9400
                        Court Address
                                                          Case No. C-15-CV-25-000986

STATE OF MARYLAND          or

ELLEN RYAN                              vs.        CAPITAL ASSET MANAGEMENT GROUP, INC.
          Plaintiff                                              Defendant

### NOTICE OF APPEARANCE
**(Md. Rules 2-131, 3-131, 4-214, 7-107, and 8-402)**

Please enter my appearance for CAPITAL ASSET MANAGEMENT GROUP, INC. ,

the ☒ defendant ☐ plaintiff ☐ other: _____

in the above entitled action.

| | | |
|---|---|---|
| /s/ Elizabeth A. Scully | 0406280003 | 1050 Connecticut Ave., NW, S-1100 |
| Signature | Attorney Number | Address |
| 4/15/2025 | | Washington, D.C. 20036 |
| Date | | City, State, Zip |
| Elizabeth A. Scully | | 202-861-1698 |
| Printed Name | | Telephone |
| Baker & Hostetler LLP | | escully@bakerlaw.com     202-861-1783 |
| Firm Name | | E-mail                Fax |

### CERTIFICATE OF SERVICE

I certify that I served a copy of this Notice of Appearance upon the following party or parties by

mailing ☒ first-class mail, postage prepaid, ☐ hand delivery, on 4/15/2025 to:
                                                          Date

| | |
|---|---|
| Arnold J. Abraham | 220 N. Liberty Street |
| Name | Address |
| | Baltimore, MD 21201 |
| | City, State, Zip |
| Eric Menhart | 80 M St., SE, S-100 |
| Name | Address |
| | Washington, D.C. 20003 |
| | City, State, Zip |
| | /s/ Elizabeth A. Scully |
| Name | Signature of Party Serving/Attorney |

Check applicable:
☐ Court appointed
☒ Private
☐ Public Defender
☐ Pro Bono Counsel

**CC-DC-084** (Rev. 12/2022)